El Pueblo de Puerto Rico, demandante y apelado, *v.* Bernabé Ruiz Torres, acusado y apelante.

Núm. 9243.—*Sometido:* Junio 11, 1942. *Resuelto:* Junio 23, 1942.

*Ernesto Ramos Antonini y Víctor Gutiérrez Franqui,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué convicto del delito de homicidio voluntario y sentenciado a seis años de presidio con trabajos forzados. Fundamentando este recurso alega que la corte inferior erró al denegarle la moción de nuevo juicio y al im-

ponerle la pena que le impuso, no obstante la recomendación de clemencia hecha por el jurado.

■■ La moción de nuevo juicio se basó en el descubrimiento posterior de cierta prueba testifical; pero ni en la moción ni en el llamado *affidavit* de méritos se exponen las razones por las cuales dicha prueba no fué conseguida con anterioridad a la celebración del juicio. Sólo asegura uno de los abogados defensores que le consta que el acusado hizo gestiones para obtener el testimonio de Jesús Rivera Febres (*a*) Ventorrillo, y de David Soto de Jesús (*a*) Vieques, para presentarlo a la corte el día del juicio y que le consta que el acusado fracasó en sus gestiones. Estas meras conclusiones no están sostenidas por hechos de los cuales podamos determinar la suficiencia de las gestiones así como la imposibilidad de conseguir oportunamente esos testimonios. Aparte de este defecto que por sí sólo bastaría para denegar la moción de nuevo juicio, podemos agregar que hemos examinado las declaraciones que prestarían dichos testigos si el nuevo juicio se concediera, y las mismas constituyen prueba acumulativa.

■ El segundo señalamiento de error es tan carente de méritos como el que acabamos de discutir. El homicidio voluntario se castiga con pena máxima de diez años de presidio y no aparece de la prueba circunstancia atenuante alguna. Por el contrario, si hemos de dar crédito a la prueba de cargo, el delito está en la línea fronteriza entre el de asesinato de que fué acusado y el de homicidio voluntario de que fué convicto el apelante. Así pues, el apelante pudo ser sentenciado a diez años de presidio y sólo le fueron impuestos seis años, atendiendo el juez, como expresamente lo dijera, aunque no estaba necesariamente obligado a ello, a la recomendación de clemencia que le hiciera el jurado.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.